PearsoN, J.
 

 The attachment, under which the defendant justified, was made returnable “within thirty days from its date,” but did not specify any particular day for its return. The plaintiff insisted, that it was void, by reason of this omission. The provisions in reference to the return of warrants and attachments, within the jurisdiction of á single Justice, are expressed in the same words, “ on or before thirty days after date thereof.”
 
 Duffey
 
 v
 
 Averitt,
 
 5 Ired. 458, decides, that a warrant need not contain any special day of return, and conforms to the Statute, if made returnable within thirty days from the date thereof. This, it seems to us, settles the question as to attachments, also.
 

 It was contended by the counsel for the plaintiff, that there is a difference between warrants and attachments, which calls for a different construction of the same words; for, in warrants, the defendant may be notified of the return day by the officer, whereas, in attachments, the defendant is absent, and can receive no such notice, and, therefore, the day ought to be specified in the writ. ’.The fallacy '
 
 *74
 
 óí the argument is in this : a warrant is returned for trial and final judgment, — an attachment is returned merely to possess some single Justice of the case, wheréupo'n it becomes his duty to cause advertisement to be made for'thirty days, during all of which time, the defendant may apply to him, and replevy and enter his defence, so as to prevent final judgment. It might, in some cases, be convenient for the defendant in a warrant, if it specified a particular day fb'r -its’return-; it can never be so in an attachment, if the defendant's absent, for he, of course, cannot know of it, until the advertisement; but, in truth, a specific return day would be inconsistent in either case, as the process is returnable before
 
 any
 
 Justice of the Peace, and they are not presumed to have stated days or places for business.
 

 A final judgment was rendered by the magistrate, before \yhom the judgment had been allowed, after the expiration ■•of thirty days from the time of the return. But it does not appear by the proceedings, that due advertisement had been made, and the plaintiff insisted, that, on this account, the judgment was void, and, therefore, the defendant-could not impeach the assignment. of the debtor, as void against credit-. 'ors, on the ground of fraud. The general rule is, that there •must be a judgment establishing the debt, in order-to impeach an assignment, as void against creditors. It would -seem, however, that an attachment forms-an exception, and the officer, at least, may justify the levy under the writ, as he is thereby required to take the property into his possession before the judgment. But we pass by this question, for we consider the judgment valid. Ch. 31, sec. 10S of the Revised Statutes, provides, “Every judgment given in. •a Court of Record, or before a single magistrate, having jurisdiction of the subject, shall be, and continue in full force, ■until reversed according to law.” This puts judgments of ■single magistrates on higher ground, than the, judgments of ■inferior tribunals, according to the English law, and as the
 
 *75
 
 magistrate had jurisdiction in this case, everything is presumed to have been done, which it was necessary to do, in order to make the judgment regular, and his judgment, like a judgment given in a,Court- of Recordáis in full 'force. un? til reversed.
 

 Per Curiam» Judgment affirmed.